**UNITED STATES BANKRUPTCY COURT**
**Northern District of Georgia**
**Atlanta Division**

In re:
Dennis Hughes, Jr.,                                    Case No. 11-50040-JRS
    and
Heather Hughes,                                        Chapter  13
    Debtors.

**AMENDED CHAPTER 13 PLAN**

☐ **Extension**                                                                ☒ **Composition**

  **You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

**1. Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

**2. Plan Payments and Length of Plan.** Debtor will pay the sum of  **$2,000.00** per month to Trustee by [☐] Payroll Deduction(s) or by [☒] Direct Payment(s) for the applicable commitment period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

**3. Claims Generally. The claims listed and amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

**4. Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

  (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

  (B). **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to an attorney fee in the amount of **$4,500.00**.  Prior to the filing of the case the attorney received **$400.00.**  The balance of the fees shall be disbursed by Trustee as follows: (a) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the

proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to **$4,100.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to **$820.00** per month until the fees are paid in full; (b) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining up to **$4,100.00** after payment of administrative fees and adequate protection payments, if applicable.

**5. Priority Claims.**

    **(A). Domestic Support Obligations.**

      ☒ None. If none, skip to Plan paragraph 5(B).

      (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.
      (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §101(14A).
      (iii). Anticipated Domestic Support Obligation Arrearage Claims
          (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. §507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property and arrearage claims secured by real property and arrearages on unexpired leases or executory contracts.

| (a)<br>**Creditor** | (b)<br>**Estimated arrearage claim** | (c)<br>**Projected monthly arrearage** |
|---|---|---|
| **None** | | |

          (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

    **None**

    **(B). Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>**Creditor** | (b)<br>**Estimated claim** |
|---|---|
| **Internal Revenue Service** | $0.00<br>**If claim filed, to be treated as indicated.** |
| **Georgia Department of Revenue** | $0.00<br>**If claim filed, to be treated as indicated.** |

**6. Secured Claims.**

**(A). Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

☒ to the Trustee pending confirmation of the plan or ☐ Directly to the creditor.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Monthly adequate protection payment amount |
|---|---|---|
| **American Honda Finance** | **2010 Honda Element** | **$1,060** |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c)

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).

Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase date | (d)<br>Claim amount | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
| **American Honda Finance** | **2010 Honda Element** | **8/2010** | **$19,149.95** | **2.9%** | **$1,060 until July 2011 then $1,880** |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| None | | | | | |

**(B) Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| SunTrust 1st DSD | 2940 Lake Pass Lane Suwanee, Georgia | $418.62 | To be paid in full upon confirmation of the Debtors' Chapter 13 plan |
| SunTrust 2nd DSD | 2940 Lake Pass Lane Suwanee, Georgia | $0 | $0 |
| Gwinnett County Tax Commissioner | 2940 Lake Pass Lane Suwanee, Georgia | $0 | $0 |

| HOA | 2940 Lake Pass Lane Suwanee, Georgia | $0 | $0 |

**(C). Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| None | |

**7. Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$106,000.00** After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$85,500.00** or **80%**, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

**8. Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (b) Projected arrearage monthly payment through plan |
|---|---|---|---|
| None | | | |

**9. Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

**10. Other Provisions:**

    **(A). Special classes of unsecured claims: None.**

**(B). Direct payments to creditor: None.**

**(C). Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not specifically treated under the plan, shall be funded as classified in the proof of claim as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph f(A), above) and general unsecured claims. Nothwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

**(D). Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f):** The allowed secured claim of each creditor listed below shall not be funded until all allowed secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

**American Express Centurion Bank**

**(E). Monthly billing statements.** Any creditors which are to be paid directly under this plan are authorized and encouraged to send monthly billing statements to the debtor at the mailing address on record with the Bankruptcy Court in this case.

**(F). Miscellaneous provisions:** Any federal tax refunds that is issued to the Debtor during the Applicable Commitment Period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor instructs and authorizes the Internal Revenue Service to send any refund issued during the Applicable Commitment Period directly to the Debtor's Chapter 13 Trustee.

Dated: March 22, 2011

___/S/_____             _____/S/_____
**Michael R. Rethinger**                 **Dennis Hughes, Jr., Debtor**
**Georgia Bar Number 301215**
Attorney for Debtor
72 Spring Street, SW                     _____/S/_____
Atlanta, GA  30303                       **Heather Hughes, Co-Debtor**
(770) 922.0066
mike@randrlawgroup.com

```
                             United States Bankruptcy Court
                              Northern District of Georgia
In re:                                                                      Case No. 11-50040-jrs
Dennis Peter Hughes                                                         Chapter 13
Heather Biffle Hughes
        Debtors               CERTIFICATE OF NOTICE
District/off: 113E-9           User: slaterc                Page 1 of 1                  Date Rcvd: Mar 22, 2011
                               Form ID: pdf589a             Total Noticed: 19


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 24, 2011.
13947406     +American Express Centurion Bank,    Po Box 36002,    Ft Lauderdale, Fl 33336-0001
13947408     +Bank Of America,    Po Box 851001,    Dallas, Tx 75285-1001
13947409     +Chase Bank,    Po Box 15153,    Wilmington, De 19886-5153
14112501      Chase Bank USA, N.A.,    PO Box 15145,    Wilmington, DE 19850-5145
14117704     +Chase Bank USA,N.A,    c/o Creditors Bankruptcy Service,    P O Box 740933,   Dallas,Tx 75374-0933
13947410     +Citi Card,    Processing Center,    Des Moines, Ia 50363-0001
14046471     +FIA Card Services, NA as successor in interest to,     Bank of America NA and MBNA America Bank,
               1000 Samoset Drive,    DE5-023-03-03,    Newark, DE 19713-6000
13947411     +Fia Card Services,    Po Box 851001,    Dallas, Tx 75285-1001
14029640     +SUNTRUST MORTGAGE INC,    BANKRUPTCY DEPARTMENT RVW 3034,    P.O BOX 27767,
               RICHMOND VA 23261-7767
13947414     +Sallie Mae,    Po Box 9500,    Wilkes-barre, Pa 18773-9500
14041931      Sallie Mae Inc. on behalf of USA FUNDS,    Attn: Bankruptcy Litigation Unit E3149,   P.O. Box 9430,
               Wilkes-Barre, PA 18773-9430
13947415     +Suntrust Mortgage Inc,    Po Box 79041,    Baltimore, Md 21279-0041
13947416     +The Cove At Suawanee Station,    Heritage Property Management Serv,    500 Sugar Mill Rd,
               Bldg B #200,    Atlanta, Ga 30350-2865
13947417     +Zwicker & Associates, Pc,    Three Oaks Office Park,    965 Oakland Road, Ste 3d,
               Lawrenceville, Ga 30044-3758
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr           +E-mail/Text: bnc@13trusteeatlanta.com Mar 22 2011 21:40:53     Adam M. Goodman,
               Adam M. Goodman, 13 Trustee,    Suite 200,   260 Peachtree Street,   Atlanta, GA 30303-1236
13947407      E-mail/Text: ebnbankruptcy@ahm.honda.com Mar 22 2011 21:40:18     American Honda Finance,
               Po Box 105027,    Atlanta, Ga 30348
13984597      E-mail/Text: ebnbankruptcy@ahm.honda.com Mar 22 2011 21:40:18     American Honda Finance Corporation,
               National Bankruptcy Center,   P.O. Box 168088,    Irving, TX 75016-8088
13947412     +E-mail/PDF: TCEB@GWINNETTCOUNTY.COM Mar 22 2011 23:19:05     Gwinnett County Tax Commiss.,
               Gwinnett County Justice And,    Administration Bldg.,   75 Langley Drive,
               Lawrenceville, Ga 30046-6935
13947413     +E-mail/PDF: cr-bankruptcy@kohls.com Mar 22 2011 23:20:46     Kohl's,    Po Box 2983,
               Milwaukee, Wi 53201-2983
13947414     +E-mail/PDF: pa_dc_claims@salliemae.com Mar 22 2011 23:31:11     Sallie Mae,    Po Box 9500,
               Wilkes-barre, Pa 18773-9500
14041931      E-mail/PDF: pa_dc_litigation@salliemae.com Mar 22 2011 23:31:12
               Sallie Mae Inc. on behalf of USA FUNDS,    Attn: Bankruptcy Litigation Unit E3149,
               P.O. Box 9430,   Wilkes-Barre, PA 18773-9430
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 24, 2011**                    Signature:       */s/ Joseph Speetjens*